Nott, J.
delivered the opinion of the Court.
It seems to be a well established rule of law, that the endorsee of a note of hand or bill of exchange, cannot resort to the endorser until he has applied to the maker of the note, or the accepter of the bill, and payment has been refused *70 by him: nor until he has given notice to the endorser of such demand and refusal. (5 Johnson, 73, Tobey v. Barber, 1 Salk. 124, 5 Term Rep. 513. 6 do. 52, 7 do. 66.) An endorser does not undertake unconditionally to pay; he only becomes liable in the event of non-payment, by the maker of the note, and notice thereof given to him.
It is contended, however, that as this note was endorsed after it became due, it forms an exception to the general rule. But I have not been able to find any such distinction in the booksand in the case of Berry against Robinson, (9 Johnson 121,) it is decided that no such distinction exists. Indeed, there is no foundation for it. It is never understood between the' parties that the endorsee of a note, whether endorsed before or after it became due, should be allowed to lock it up in his desk, without any effort to collect the money, relying on the endorser for payment. It forms the very essence of the contract that he shall demand it of the maker. The endorsement of a note of hand is a bill of exchange drawn by the payee on the payer, and which he has already accepted, and application must be made, to the accepter before recourse can be had to< the endorser.
2. It has been repeatedly decided by this Court, that the discovery of oral testimony since the trial furnishes no ground for a new trial. And there is nothing in this case to give the defendants a very strong claim on the discretion of *71 the Court. For who could have known better than themselves whether they had demanded . - . . payment of the maker of the note r And it is difficult to conceive that they could not have ascertained the extent of their evidence on that point, if they had used due diligence before the trial.
Cogdell for the motion.
Hayne, contra.
The motion for a. new trial must be refused.
The other Judges concurred.